IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| THOMAS A. VAUGHN,<br>Institutional ID No. 63446-018 | § § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 1:19-CV-00129-C |
| RICHARD BASSETT, *et al.*, | § § § § | |
| Defendants. | § | |

ORDER ACCEPTING IN PART THE
FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff filed this civil-rights action alleging that Defendants violated his constitutional rights while he was incarcerated in the Bureau of Prisons (BOP) Federal Correctional Institution in Big Spring, Texas (FCI Big Spring). (Doc. 2). The United States Magistrate Judge conducted preliminary screening of Plaintiff's complaint and made findings, conclusions, and a recommendation (FCR) in this case. (Doc. 22). Specifically, the Magistrate Judge recommends that (1) Plaintiff's claims against Defendant Anselmo Padilla-Luna should be dismissed with prejudice as frivolous, and (2) all remaining claims and Defendants should be dismissed with prejudice for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff filed objections.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). In contrast, the district judge reviews any unobjected-to findings, conclusions, and recommendations for plain error. The Court has examined the record and reviewed the

unobjected-to portions of the FCR for plain error and, finding none, expressly accepts and adopts those portions of the Magistrate Judge's findings, conclusions, and recommendation.

Additionally, in light of Plaintiff's specific objections, the Court has conducted a de novo review of the relevant portions of the FCR and the record in this case. Many of Plaintiff's objections are either restatements of arguments made in his complaint (as supplemented by his responses to the Magistrate Judge's Questionnaire),[1] arguments thoroughly addressed by the FCR, or mere disagreements with the Magistrate Judge's wording.

Except as modified below, the Court ACCEPTS and ADOPTS the findings, conclusions, and recommendation of the United States Magistrate Judge. Additionally, the Court finds that Plaintiff's claims are not authorized under *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971). Accordingly, Plaintiff's complaint and all claims alleged therein must be DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim.

**1. Plaintiff's claims**

Plaintiff is a federal inmate who was injured when he collided with another inmate during a softball game at FCI Big Spring. As a result of the collision, Plaintiff's cheekbone was "visibly caved in," causing him severe pain. Plaintiff filed this lawsuit under *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388 (1971) alleging that certain FCI Big Spring personnel were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Specifically, Plaintiff alleges that, despite the obvious nature of his injuries, Defendant Lieutenant Richard Bassett failed to immediately arrange for transportation to the hospital for medical treatment. Plaintiff alleges that the decision to send him back to the dorm without

---

[1] *See* Doc. 19.

2

treatment was made in consultation with Defendant Anselmo Padilla-Luna, R.N., and that he was not transported to the hospital until the next morning. Plaintiff claims that he suffered for approximately 12-hours with severe pain and emotional distress from the knowledge he had an untreated severe injury.

Plaintiff also alleges that Defendant Teleiza Crnkovich, FCI Big Spring Health Administrator, and Defendant Mary Pence, FCI Big Spring Assistant Health Administrator, failed to arrange his follow-up appointment with the ophthalmologist according to the instructions of the emergency room physicians. Plaintiff also claims that Crnkovich and Pence failed to send necessary CAT scan images of his injury to Dr. Cook, the maxillofacial surgeon, so that he could get the surgery required to treat his injury and repair the facial disfigurement. Plaintiff alleges that they did not just delay sending the images—but that they never sent them at all. And that when he was sent to Dr. Cook without CAT scan images just three days after the incident, the surgeon sent him back to the unit with a written order to obtain the images and return for a proper consult. But despite repeated requests, Plaintiff alleges that he was not returned to Dr. Cook for approximately six weeks, and that even then, the images had not been sent to Dr. Cook. In any event, the surgeon advised him that because of the delay his bones had healed and would have to be rebroken, which would cause a greater risk to his vision and more severe scarring. In other words, the delay foreclosed surgery as a safe treatment option, and that although Plaintiff would have a permanent disfigurement, the risk of surgery would outweigh the benefits. Finally, Plaintiff alleges that Crnkovich and Pence instituted a policy that altered his prescription for pain medication, causing him to suffer severe pain.

2.    ***Bivens* does not extend to Plaintiff's deliberate-indifference claims**

The Magistrate Judge detailed Plaintiff's deliberate-indifference claims against the Defendants in their individual capacities and concluded that they were proper under *Bivens*. Specifically, the Magistrate Judge found

> [a] *Bivens* claim is "an implied private action for damages against federal officers alleged to have violated a citizen's constitutional rights." *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 66 (2001). The Supreme Court has approved a *Bivens* action under the Eighth Amendment against federal officials for failure to provide medical treatment. *See Carlson v. Green*, 446 U.S. 14 (1990); *see also Ziglar v. Abbasi*, 137 S. Ct. 1843, 1864 (2017) (a *Bivens* claim for prisoner mistreatment is limited, "specifically, for failure to provide medical care.").

(Doc. 22 at 9–10).

The Magistrate Judge then addressed Plaintiff's deliberate indifference claims against each Defendant under the applicable Eighth Amendment standards and concluded, in short, that Plaintiff had failed to meet the extremely high deliberate indifference standard. But the Court first considers whether Plaintiff's claims are, in fact, authorized under *Bivens*.

The Supreme Court has recently emphasized that expanding *Bivens* causes of action is "a 'disfavored' judicial activity." *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (quoting *Abbasi*, 137 S. Ct., at 1857). "[S]eparation of powers principals are . . . central to the analysis" of *Bivens* expansion, and the question is whether Congress or the courts should decide to authorize a damages suit. *Abbasi*, 137 S. Ct. 1857. Indeed, the Supreme Court has indicated that "if [the Court] were called to decide *Bivens* today, [it] would decline to discover any implied causes of action in the Constitution." *Egbert*, 142 S. Ct. at 1809 (citation omitted). In light of that reminder, and as explained below, the Court finds that Plaintiff's claims are not authorized under *Bivens* and must be dismissed. This is because his claims present a new context under *Bivens*, and there are special factors that counsel hesitation in extending the *Bivens* remedy.

4

The Supreme Court has developed a two-part test to determine if a *Bivens* claim may proceed. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1859–60. First, the Court considers whether Plaintiff's "claims fall into one of the three existing *Bivens* actions." *Oliva v. Nivar*, 973 F.3d, 441 (5th Cir. 2020) (quoting *Cantu v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019)). If the answer is "no," the Court asks whether there are "special factors counselling hesitation" in extending the *Bivens* remedy. *Abbasi*, 137 S. Ct. at 1857–60. These two steps "often resolve to a single question: whether there is any reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 142 S. Ct. at 1803. "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a Bivens remedy." *Id.* (quoting *Hernández v. Mesa*, 140 S. Ct. 735, 743 (2020)).

The Supreme Court has extended *Bivens* claims to only those arising from three specific factual scenarios:

> (1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389–90, 91 S. Ct. 1999; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228, 99 S. Ct. 2264, 60 L. Ed. 2d 846 (1979); and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14, 100 S. Ct. 1468, 64 L. Ed. 2d 15 (1980).

*Oliva*, 973 F.3d at 442. "Virtually everything else is a 'new context'" *id.* (quoting *Abbasi*, 137 S. Ct. at 1865), because the case needs only the be "different in [one] meaningful way from previous *Bivens* cases" for the "context to be new." *Abbasi,* at 1859.

Of the three recognized *Bivens* actions, Plaintiff's case is most like *Carlson* because it involves alleged violations concerning medical care under the Eighth Amendment. But Plaintiff's case differs from *Carlson* in more than one meaningful way: unlike *Carlson*, Plaintiff did not have untreated asthma. And although the Court does not downplay Plaintiff's injury and

5

alleged permanent disfiguration, his overall injury is measurably less serious than that in *Carlson*, as he obviously does not allege a significant failure of the medical delivery system that led to the prisoner's death. Thus, the instant case is a new context. *See Watkins v. Carter*, USCA No. 20-40234, 2021 WL 4533206, at *2 (5th Cir. 2021) (finding Eighth Amendment excessive-force claims by inmate who did not have untreated asthma and who did not die in prison to be a new context); s*ee also Martinez v. U.S. Bureau of Prisons*, No. 5:15-CV-2160, 2019 WL 5432052, at *10 (C.D. Cal. Aug. 20, 2019), *R. & R. adopted*, 2019 WL 5424414 (C.D. Cal. Oct. 22, 2019), *aff'd*, 830 F. App'x 234 (9th Cir. 2020) (finding deliberate-indifference claims stemming from failure to treat hypertension due to BOP's policy was a new context). This "substantial difference in the factual context of the two cases is sufficient for this Court to conclude that the Eighth Amendment claim asserted here presents a new *Bivens* context." *Stanard v. Dy*, No. C19-1400, 2021 WL 1341082, at *6 (W.D. Wash. Mar. 10, 2021) (concluding denial of treatment for Hepatitis C due to a BOP policy presented a new context); *Dissler v. Zook*, 3:20-CV-00942-D (BT), 2021 WL 2598689, at *4 (N.D. Tex. May 7, 2021), *R. & R. adopted*, 2021 WL 2589706 (N.D. Tex. June 23, 2021) (same finding as to claim of inadequate dental treatment claim); *Nabaya v. Bureau of Prisons*, No. 3:19-CV-215-L-BN, 2020 WL 7029909, at *4 (N.D. Tex. Oct. 7, 2020), *R. & R. adopted*, 2020 WL 7027470 (N.D. Tex. Nov. 30, 2020) (same as to inadequate periodontal care claim "vastly less serious" than in *Carlson*); *Manzo v. Mateware, et al.*, No. 3:19-CV-812-S-BK, 2021 WL 6284098 (N.D. Tex. Dec. 13, 2021) (same conclusion as to delay and denial of medical treatment resulting in irreversible retinal damage and partial loss of eyesight), *R. & R. adopted*, 2022 WL 48395 (N.D. Tex. Jan. 5, 2022).

Having concluded that Plaintiff's claim presents a new context, the Court also finds that there are special factors counseling hesitation in extending the *Bivens* remedy to Plaintiff's claims. An alternative remedial process exists for Plaintiff, i.e., the BOP's administrative remedy program. "Under this program, prisoners can file grievances about any aspect of their confinement, the agency must provide written responses in specified time frames, and prisoners may appeal institutional-level responses to the agency's regional and central offices." *Dudley*, 2020 WL 532338, at *8 (citing 28 C.F.R. §§ 542.10–19 (2017)). Since *Abbasi*, numerous courts have recognized the BOP's administrative remedy program as an alternative process and a special factor that forecloses expansion of the *Bivens* remedy. *See, e.g., Dudley*, 2020 WL 532338, at *7; *Begay v. Leap*, No. 3:17-CV-2639-N-BT, 2019 WL 1318410, at *3 (N.D. Tex. Feb. 26, 2019) ("'[S]everal courts have explicitly recognized the administrative remedy program ('ARP') available in the prison setting as an alternative process foreclosing a personal-capacity damages remedy.'"), *R. & R. adopted*, 2019 WL 1315901 (N.D. Tex. Mar. 22, 2019); *Brunson v. Nichols*, No. 1:14-CV-2467, 2018 WL 7286410, at *3 (W.D. La. Dec. 7, 2018) (citing cases), *R.& R. adopted*, 2019 WL 545479 (W.D. La. Feb. 11, 2019). Moreover, the existence of the Federal Tort Claims Act (FTCA) weighs against inferring a new *Bivens* cause of action. *See Cantu*, 933 F.3d at 423 (citing 28 U.S.C. § 2680(h)).

Finally, there is another sound reason to exercise caution here. That is, as thoroughly explained in the FCR, Plaintiff has failed to state plausible constitutional claims of deliberate indifference. "The lack of merit of the claims . . . and whether to find a remedy merge to weigh against the creation of a *Bivens* remedy." *Nabaya v. Bureau of Prisons, et al.*, No. 3:19-CV-215-L-BN, 2020 WL 7029909, at *4 (cleaned up) (quoting *Gonzalez v. Hasty*, 269 F. Supp. 3d 45, 65 (E.D.N.Y. 2017), *aff'd*, 755 Fed. Appx. 67 (2d Cir. 2018)); *see also Oliveras v. Baslie*, 440 F.

Supp. 3d 365, 373–75 (S.D.N.Y. 2020) (declining to extend *Bivens* for a claim that rested on "a shaky legal foundation").

In short, the factual differences between Plaintiff's claims and the claim at issue in *Carlson*—combined with the alternative remedies available to Plaintiff—give the Court "reason to think that Congress might be better equipped to create a damages remedy." *Egbert*, 142 S. Ct. at 1803. Accordingly, the Court finds that Plaintiff's claims are not cognizable under *Bivens* and must be dismissed.

3. **Leave to amend**

Generally, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). However, the Court is not required to grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* For the reasons outlined above, and in the FCR, Plaintiff's claims are fatally infirm. In addition, the Court has already given him the opportunity to amend his complaint by his answers to the Magistrate Judge's questionnaire. Moreover, the FCR gave Plaintiff notice of the deficiencies in his complaint and the opportunity to cure them, which his objections failed to do. Thus, the Court concludes Plaintiff has already pled his best case and granting further leave to amend would be futile and cause needless delay.

4. **Conclusion**

Except as noted above, the Court accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge, and overrules Plaintiff's objections. As a result, the Court finds that Plaintiff's complaint and all claims alleged therein against Defendant Anselmo Padilla-Luna are **DISMISSED WITH PREJUDICE** as frivolous, and all remaining claims and

Defendants are **DISMISSED WITH PREJUDICE** for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A.

This dismissal shall count as a qualifying dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996). **Plaintiff is cautioned that if he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).**

Dismissal of this action does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997).

Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $505.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

Any pending motions are **DENIED**.

Judgment shall be entered accordingly.

SO ORDERED.

Dated September 19, 2022.

SAM R. CUMMINGS
Senior United States District Judge

9